RECEIPT NUMBER
516666

ORIGINAL

16

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

ROGER CAIN AND JAQUELINE THOMAS

      Plaintiffs,

v

MICHAEL RUSSELL, AUBREY SERGENT,
and CITY OF DETROIT,

      Defendants.

MAGISTRATE JUDGE R. STEVEN WHALEN

W.C.C.C. Case No. 04-430503 NO
W.C.C.C. HON: EDWARD M. THOMAS

JUDGE : Taylor, Anna Diggs
DECK : S. Division Civil Deck
DATE : 11/09/2004 @ 16:27:43
CASE NUMBER : 2:04CV74376
REM ROGER CAIN ET AL V MICHAEL
RUSSELL ET AL (DH)

---

AMOS E. WILLIAMS P39118
Attorney for Plaintiffs
615 Griswold, #1115
Detroit, MI 48226
(313) 963-5222

THOMAS W. STEPHENS P39503
Co-Counsel for Plaintiff
4595 Hereford St.
Detroit, MI 48224
(313) 885-8857

MARION R. JENKINS P26257
Attorney for Defendant
1650 First National Building
Detroit, MI 48226
(313) 237-3032

U.S. DIST. COURT CLERK
EAST DIST. MICH.
DETROIT-PSG

'04 NOV -9 P4:36

FILED

---

## NOTICE OF REMOVAL

      **NOW COMES** Defendants, Michael Russell, Aubrey Sergent and City of Detroit, a

municipal corporation, and for their Notice of Removal, state as follows:

      1.     That on or about September 29, 2004, Plaintiffs filed Civil Action 04-430503 NO in the

Circuit Court for the County of Wayne, State of Michigan. **(Complaint attached)**.

      2.     That Plaintiffs have asserted claims against Defendants for False Arrest, False

Imprisonment, Assault and Battery and Federal Constitutional violations of the 4TH and 14TH Amendments

K:\DOCS\LIT\JENKMR\A37000\REMOVAL\R_J4296.WPD

under 42 U.S.C.§ 1983 arising out of Plaintiff's being allegedly falsely arrested, falsely imprisoned and assaulted and battered on December 21, 2001. **(Complaint attached)**.

3.    That this Honorable Court has original jurisdiction over the aforesaid claims under 28 U.S.C. § 1331, and such claims are removable pursuant to 28 U.S.C. § 1441(b) and §1443(2).

4.    That this Honorable Court has Supplemental Jurisdiction over the common law state claims which Plaintiff has alleged under 28 U.S.C. § 1367.

5.    That inspection of Wayne County Circuit Court records for Civil Action 04-430503 NO shows no Proof of Service has been filed with respect to any other Defendant.

6.    That the within Notice for Removal has been filed within 30 days of service of the Complaint in Civil Action No. 04-430503 NO upon Defendants, said Complaint asserting allegations which first made Plaintiffs' claims removable to this honorable court.

Marion R. Jenkins P26257
Assistant Corporation Counsel
1650 First National Building
Detroit, MI 48226
(313) 237-3032

DATED:      November 5, 2004

EXHIBIT

**STATE OF MICHIGAN**
**THIRD CIRCUIT COURT**



**SUMMONS AND RETURN OF SERVICE**

**CASE NO.**

v.

| COURT ADDRESS: 2 WOODWARD AVENUE, DETROIT, MICHIGAN 48226 | COURT TELEPHONE NO. (313) 224-5246 |
|---|---|

THIS CASE ASSIGNED TO JUDGE:   EDWARD M THOMAS          Bar Number: 21371

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| CAIN ROGER          PL 01 | VS   DETROIT CITY OF | DF 005 |

PLAINTIFF'S ATTORNEY
AMOS E. WILLIAMS
(P-39118)
615 GRISWOLD ST STE 1115
DETROIT, MI  48226-3998
313-963-5222

| CASE FILING FEE | JURY FEE |
|---|---|
| PAID | PAID |

| ISSUED | THIS SUMMONS EXPIRES | DEPUTY COUNTY CLERK |
|---|---|---|
| 09/29/04 | 12/29/04 | DESIREE CANTY |

*This summons is invalid unless served on or before its expiration date.          Cathy M. Garrett — Wayne County Clerk

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.

☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The docket number and assigned judge of the civil/domestic relations action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

The action ☐ remains ☐ is no longer   pending.

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

| Date | Signature of attorney/plaintiff |
|---|---|

**COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.**

If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangement.

FORM NO. WC101
REV (3-98)      MC 01 (10/97)      **SUMMONS AND RETURN OF SERVICE**      MCR 2.102(B)(11), MCR 2.104, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.203 (A)

JURY FEE PAID

SEP 2 9 2004

## STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

ROGER CAIN and JAQUELINE THOMAS,

       Plaintiffs,

vs.

MICHAEL RUSSELL, AUBREY SERGENT,
and CITY OF DETROIT,

       Defendants.

04-430503 NO   9/29/2004
JDG:EDWARD M THOMAS
CAIN ROGER
VS
RUSSELL MICHAEL

---

AMOS E. WILLIAMS (P39118)
Attorney for Plaintiff
615 Griswold, Suite 1115
Detroit, Michigan 48226
(313) 963-5222

THOMAS W. STEPHENS (P39503)
Co-counsel for Plaintiff
4595 Hereford Street
Detroit, Michigan 48224
(313) 885-8857

---

## COMPLAINT AND JURY DEMAND

There is no other pending or resolved civil action arising out of
the transaction  or occurrence alleged in the complaint.

Thomas W. Stephens (P39503)
Amos E. Williams (P39118)

    The Plaintiffs, by and through their counsel, complain against the Defendants as

follows:

1. Plaintiffs ROGER CAIN and JACQUELINE THOMAS are residents of the City of Detroit, State of Michigan.

2. Defendant MICHAEL RUSSELL has been, at all times pertinent, an on-duty Detroit Police Officer, acting under color and authority of state law and pursuant to customs, policies or practices of Defendant CITY OF DETROIT.  This Defendant is sued in his official and individual capacities.

3. Defendant AUBREY SERGENT has been, at all times pertinent, an on-duty Detroit Police Officer, acting under color and authority of state law and pursuant to customs, policies or practices of Defendant CITY OF DETROIT.  This Defendant is sued in his official and individual capacities.

4. Defendant CITY OF DETROIT is a municipal corporation, organized and operating subject to the laws of the State of Michigan and the United States of America.

5. The events giving rise to this action occurred on December 21, 2001, at Plaintiff's home, located at 3551 East Hancock in the City of Detroit, Wayne County, State of Michigan.

6. Plaintiff alleges claims under 42 USC § 1983, as well as state law claims.

7. Plaintiff seeks damages in excess of Two Hundred Fifty Thousand Dollars ($250,000).

## GENERAL ALLEGATIONS OF FACT

8. Plaintiff re-alleges all of paragraphs 1 through 7 as though fully set forth herein, word for word.

9.   On December 21, 2001, Plaintiff ROGER CAIN arrived at his home, located at 3551 East Hancock in the City of Detroit, Wayne County, State of Michigan, and found a strange van parked in front of the home.  Neighbors told Plaintiff that three men had just run into his home.  Plaintiff entered the home and observed three men, one of whom he recognized as Defendant Detroit Police Officer MICHAEL RUSSELL. Defendants were there to arrest THOMAS' Kim, who was present in the home.

10.   After Defendants MICHAEL RUSSELL and AUBREY SERGENT left the home with the person they came to arrest in handcuffs, and while Plaintiff ROGER CAIN was still standing in the entryway of the home, Defendants, came back inside without any lawful authority to do so, grabbed Plaintiff ROGER CAIN, struck him repeatedly with a gun, and knocked him down on the ground.

11.   When they falsely arrested Plaintiff ROGER CAIN on charges of Resisting and Obstructing, Defendants denied Plaintiff timely and adequate medical attention for the severe injuries he suffered when they beat him, and for severe, chronic medical conditions of heart disease and hypertension that were exacerbated by the beating and the arrest.

12.   On or about December 27, 2001, Plaintiff ROGER CAIN filed a complaint regarding Defendants MICHAEL RUSSELL and AUBREY SERGENT.  They were charged and sent to a trial board, which Plaintiff was unable to attend because he was confined in a hospital on July 30, 2004, when upon information and belief the trial board was convened.

3

13.   The criminal charges against Plaintiff ROGER CAIN arising out of this incident have been dismissed, one count at a preliminary hearing and the other two (2) counts after a jury trial that ended in Plaintiff's favor on August 2, 2002.

14.   As a direct and a proximate result of Defendants' misconduct, Plaintiff ROGER CAIN suffered injuries and damages, including but not limited to:

    1.   Physical injuries, including head injuries and aggravation of pre-existing medical conditions;

    2.   Shock, fear, anxiety, humiliation and embarrassment; and

    3.   Emotional harm.

15.   As a direct and a proximate result of witnessing Defendants' misconduct, which occurred in her personal presence, Plaintiff JACQUELINE THOMAS suffered injuries and damages, including but not limited to:

    1.   Shock, fear, anxiety, humiliation and embarrassment; and

    2.   Emotional harm.

## COUNT I
## FALSE ARREST AND FALSE IMPRISONMENT

16.   Plaintiffs re-allege all of paragraphs 1 through 15 as though fully set forth herein, word for word.

17.   The arrest of Plaintiff ROGER CAIN was without warrant and without probable cause.

4

18.   The imprisonment of Plaintiff ROGER CAIN was unlawful, being without warrant or

probable cause and subsequent to the Plaintiff's unlawful arrest.

19.   False arrest and false imprisonment are intentional torts which are not barred by

government immunity under state law, nor by qualified immunity.

20.   As a direct and a proximate result of Defendants' false arrest and false

imprisonment of Plaintiff ROGER CAIN, Plaintiffs suffered injuries and damages as

stated in paragraphs 14 and 15.

   **WHEREFORE**, Plaintiffs demand judgment against Defendants for whatever amount

the jury shall determine, in compensatory, exemplary, and/or punitive damages, together

with interest, costs, and attorney fees as allowed under all applicable provisions of law.

## COUNT II
## ASSAULT AND BATTERY

21.   Plaintiffs re-allege all of paragraphs 1 through 20 as though fully set forth herein,

word for word.

22.   The Defendants lacked authority to use force against Plaintiff ROGER CAIN to

effect an unlawful arrest.

23.   The Defendants, even if they had been effecting a lawful arrest, used far greater

force than was necessary to effect the arrest of Plaintiff ROGER CAIN under the

circumstances then present, and in fact beat Plaintiff ROGER CAIN violently,

savagely and without any justification in law, causing serious injuries.

24.   The use of force which is greater than necessary during an arrest constitutes

assault and battery.

5

25.     As a direct and a proximate result of Defendants' assault and battery against Plaintiff ROGER CAIN, Plaintiffs suffered injuries and damages as stated in paragraphs 14 and 15.

   **WHEREFORE**, Plaintiffs demand judgment against Defendants for whatever amount the jury shall determine, in compensatory, exemplary, and/or punitive damages, together with interest, costs, and attorney fees as allowed under all applicable provisions of law.

**COUNT III**
**VIOLATION OF 42 USC § 1983; INDIVIDUAL DEFENDANTS**

26.     Plaintiffs re-allege all of paragraphs 1 through 25 as though fully set forth herein, word for word.

27.     Plaintiff ROGER CAIN has had at all relevant times the following clearly established rights:

   1.     To be free from arrest without probable cause; and

   2.     To be free from excessive force during arrest.

   3.     To be free from malicious prosecution.

28.     The conduct of the Defendants MICHAEL RUSSELL and AUBREY SERGENT was, at all times pertinent, unlawful, deliberately indifferent to Plaintiff's rights, objectively unreasonable, negligent, grossly negligent, reckless, willful and wanton.

29.     Defendants' misconduct was a direct and a proximate cause of the injuries to the Plaintiffs, as alleged in this Complaint.

30. The unlawful conduct of the Defendants violated Plaintiff ROGER CAIN's rights under the 4th and 14th Amendments to the United States Constitution, and the equivalent provisions of the Constitution of the State of Michigan.

31. As a direct and a proximate result of the Defendants' violation of Plaintiff ROGER CAIN'S rights, Plaintiffs suffered injuries and damages as stated in paragraphs 14 and 15.

WHEREFORE, Plaintiffs demand judgment against Defendants for whatever amount the jury shall determine, in compensatory, exemplary, and/or punitive damages, together with interest, costs, and attorney fees as allowed under all applicable provisions of law, including 42 USC § 1988.

## COUNT IV
### VIOLATION OF 42 USC § 1983;DEFENDANT CITY OF DETROIT

32. Plaintiffs re-allege all of paragraphs 1 through 31 as though fully set forth herein, word for word.

33. At all times pertinent, Defendants MICHAEL RUSSELL and AUBREY SERGENT were Detroit police officers were acting pursuant to customs, policies and practices of the Defendant CITY OF DETROIT.

34. The customs, polices and practices of a municipality, for failing to supervise, discipline, and respond to incidents of misconduct by its police officers who violate the constitutional rights of citizens and other persons in the municipality's jurisdiction, through unlawful arrest and imprisonment, assault and battery, the use

of excessive force, and racial discrimination through lack of Equal Protection of the Laws, constitute deliberate indifference and are unlawful.

35. The customs, policies and practices of Defendant CITY OF DETROIT, in failing to supervise, discipline, and respond to incidents of misconduct by its police officers who violate the constitutional rights of citizens and other persons, through unlawful arrest and imprisonment, assault and battery, the use of excessive force, and racial discrimination through lack of Equal Protection of the Laws, created an environment of tacit approval of such unlawful conduct, and were a moving force in the violation of Plaintiff ROGER CAIN'S rights.

36. As a direct and a proximate result of Defendant CITY OF DETROIT'S violation of Plaintiff ROGER CAIN'S rights, Plaintiffs suffered injuries and damages as stated in paragraphs 14 and 15.

WHEREFORE, Plaintiffs demand judgment against Defendants for whatever amount the jury shall determine, in compensatory damages, together with interest, costs, and attorney fees as allowed under all applicable provisions of law, including 42 USC § 1988.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

37. Plaintiffs re-allege all of paragraphs 1 through 36 as though fully set forth herein, word for word.

38. Defendants' misconduct, in intentionally and falsely arresting Plaintiff ROGER CAIN, and subjecting him to excessive force, assault and battery, shock, fright and

8

humiliation, was atrocious, outrageous, and calculated to inflict, and did in fact inflict, severe emotional distress on Plaintiffs.

39.   As a direct and a proximate result of the Defendants' intentional infliction of emotional distress on Plaintiff ROGER CAIN, Plaintiffs suffered injuries and damages as stated in paragraph 14 and 15.

**WHEREFORE**, Plaintiff claims judgment against Defendants, in the amount in excess of Two Hundred Fifty Thousand Dollars ($250,000) which is fair and just and consistent with the law and evidence as shall be determined, together with interest, costs and attorney's fees.

## COUNT VI
## PUNITIVE DAMAGES

40.   Plaintiff re-alleges all of paragraphs 1 through 39 as though fully set forth herein, word for word.

41.   The conduct of Defendants RUSSELL and SERGENT was intentional, wilfull, wanton and malicious.

42.   The conduct of Defendants RUSSELL and SERGENT was:

   1.   Intended to inflict unnecessary, gratuitous pain upon the Plaintiff.

   2.   Maliciously, willfully and wantonly done; and

   3.   Was an abuse and misuse of his lawful authority and position.

43.   As a direct and proximate consequence of Defendants RUSSELL'S and SERGENT'S actions, the Plaintiff experienced physical pain and suffering and

emotional harm above and beyond that showing from his forcible and otherwise unlawful arrest.

**WHEREFORE,** Plaintiff demands judgment against Defendants RUSSELL and SERGENT for whatever amount the jury shall determine in punitive damages, together with interest, costs and attorney fees.

**JURY DEMAND**

The Plaintiffs demand trial of their cause by jury.

**AMOS E. WILLIAMS, P.C.**

Amos E. Williams (P39118)
Thomas W. Stephens (P39503)
Attorneys for Plaintiff

Dated: September 28, 2004
F:\FILED\T-Stephens\Cain\Complaint.wpd

10

74376

ORIGINAL

JS 44 11/99 **CIVIL COVER SHEET** COUNTY IN WHICH THIS ACTION AROSE:_____

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.

## I. (a) PLAINTIFFS

Roger Cain, Jaqueline Thomas

## DEFENDANTS

ANNA DIGGS TAYLOR

Michael Russell, Aubrey Sergent and the City of Detroit

**(b)** County of Residence of First Listed: Wayne

MAGISTRATE JUDGE R. SCHEER

County of Residence of First Listed Wayne
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorneys (Name, Address and Telephone Number)

Amos E. Williams P39118
615 Griswold, #1115
Detroit, MI 48226
(313) 963-5222

Thomas W. Stephens P39503
Co-Counsel for Plaintiffs
Detroit, MI 48224
(313) 885-8857

Attorneys (If Known)

Marion R. Jenkins P26257
1650 First National Building
Detroit, MI 48226
(313) 237-3032

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PLA | DEF | | PLA | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment and Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☒ 195 Contract Product Liability

### TORTS

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel And Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury— Med. Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21: 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Action

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### CIVIL RIGHTS
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☒ 444 Welfare
- ☒ 440 Other Civil Rights

### PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence
- **Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 USC §1983 FALSE ARREST/IMPRISONMENT, ASSAULT AND BATTERY, 4th & 14th AMENDMENT

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 5 November R

SIGNATURE OF ATTORNEY OF RECORD
x _____

# PURSUANT TO LOCAL RULE 83.11

1.         Is this a case that has been previously dismissed?

    ❑ Yes
    ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2.     Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court?  (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)

    ❑ Yes
    ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

Notes: