7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER CAIN AND JAQUELINE THOMAS

Plaintiffs,

v

MICHAEL RUSSELL, AUBREY SERGENT,
and CITY OF DETROIT,

Defendants.

U.S.D.C. Case No. 04 CV 74376
U.S.D.C. HON: ANNA DIGGS TAYLOR
MAG. JUDGE: R. STEVEN WHALEN

---

AMOS E. WILLIAMS (P39118)
Attorney for Plaintiffs
615 Griswold, #1115
Detroit, MI 48226
(313) 963-5222

MARION R. JENKINS (P26257)
Assistant Corporation Counsel
Attorney for Defendants
1650 First National Building
Detroit, MI 48226
(313) 237-3032

THOMAS W. STEPHENS (P39503)
Co-Counsel for Plaintiff
4595 Hereford St.
Detroit, MI 48224
(313) 885-8857

'04 DEC -1 P4:22 FILED

---

## MOTION FOR SUMMARY JUDGMENT

NOW COME Defendants, Michael Russell, Aubrey Sergeant and the City of Detroit, a municipal corporation, by and through their undersigned attorneys who, pursuant to FRCP 56 and all other applicable court rules, moves this court for Summary Judgment, saying as follows:

1. That this matter arises out of the execution of an arrest warrant on December 21, 2001 at 3551 East Hancock in the city of Detroit.

K:\DOCS\LIT\JENK\MR\A37000\mot\R_J4395.WPD

2. That on December 21, 2001 members of the Detroit Police Department went to the Hancock address and effected the arrest of one Kim Thomas.

3. That as the defendants were leaving that address they were confronted by plaintiff Roger Cain, who interfered with the arrest and was then himself arrested.

4. That plaintiff, Jaqueline Thomas, was present during both arrest but not involved in either arrest and she was not arrested.

5. That plaintiff, Roger Cain, was tried and found not guilty on August 2, 2002 and now more than two years later, files this action alleging false arrest, assault, battery, and deprivation of civil rights.

6. That this action is untimely and barred by the Statute of Limitations and fails to state a claim upon which relief can be granted.

**WHEREFORE**, Defendants, Michael Russell, Aubrey Sergeant and the City of Detroit, a municipal corporation, respectfully request that his matter be dismissed in its entirety and that defendants be awarded their costs and attorney fees, so wrongfully sustained.

Respectfully submitted,

*/s/ Marion R. Jenkins*

**MARION R. JENKINS** (P26257)
Assistant Corporation Counsel
Attorney for Defendants
1650 First National Building
Detroit, Michigan 48226
(313) 237-3032

Dated: November 29, 2004

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ROGER CAIN AND JAQUELINE THOMAS

    Plaintiffs,

v

MICHAEL RUSSELL, AUBREY SERGENT, and CITY OF DETROIT,

    Defendants.

U.S.D.C. Case No. 04 CV 74376
U.S.D.C. HON: ANNA DIGGS TAYLOR
MAG. JUDGE: R. STEVEN WHALEN

---

AMOS E. WILLIAMS (P39118)
Attorney for Plaintiffs
615 Griswold, #1115
Detroit, MI 48226
(313) 963-5222

THOMAS W. STEPHENS (P39503)
Co-Counsel for Plaintiff
4595 Hereford St.
Detroit, MI 48224
(313) 885-8857

MARION R. JENKINS (P26257)
Assistant Corporation Counsel
Attorney for Defendants
1650 First National Building
Detroit, MI 48226
(313) 237-3032

FILED '04 DEC -1 P4:22

---

## BRIEF IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

### Facts

Kim Thomas was a fugitive. He had been convicted of carjacking but did not appear in court for sentencing. A warrant was issued for his arrest. Members of the Detroit Police Department went to Mr. Thomas' house on the eastside of the city to arrest him. Mr. Thomas' house was located at 3551 East Hancock Street.

Upon arrival, Officer Russell knocked on the door, which was opened by Kim's mother, Jacqueline Thomas. She was not surprised to see the police at her door and allowed them inside the house. Officer Russell told Mrs. Thomas the reason for their visit. Kim was arrested without incident and handcuffed. The officers prepared to leave with their prisoner.

Kim and his mother were not the only ones who lived at that eastside address. Roger Cain also lived there, but he was not home when the officers arrived. He arrived while the officers were still inside of the house.

When Mr. Cain arrived, he saw a police van in front of his house. He rushed into the house and recognized the officers he saw. Roger blocked the doorway and in an obvious alcohol induced state of aggravation began to agitate what had been a calm situation. He yelled and cursed at the officers, demanding to know why Kim was going back to jail. The officers explained their presence while maneuvering around the pickled Roger and escorted Kim out of the house. Mr. Cain reappeared in the doorway as the officers were descending the front stairs. He shouted, "You ain't goin' no fuckin' where!" and reached into his pocket.

The officers stopped and told Mr. Cain to take his hand out of his pocket. Mr. Cain refused and a struggle ensued. Mr. Cain pulled a knife from his pocket and the struggle intensified. The knife was taken from Mr. Cain but he continued to fight. The officers managed to call for assistance and several additional officers arrived at the scene. Still Mr. Cain continued to fight. He was finally subdued and, in accordance with police procedure, asked if he was injured and if he wanted any medical attention. He refused medical attention but also in accordance with police procedure, was conveyed to Detroit Receiving Hospital, where he again refused medical attention. He was then conveyed to the precinct.

K:\DOCS\LIT\JEN\KMR\A37000\mot\R_J4395.WPD

2

Amazingly, Mr. Cain avoided criminal prosecution. Some years after being found not guilty, he filed this lawsuit. In his lawsuit, he alleges false arrest and false imprisonment, assault and battery, violation of 42 USC § 1983 as to all defendants and intentional inflictions of emotional distress. His claims of false arrest and false imprisonment and assault and battery are untimely and must be dismissed.

## ARGUMENT

The claim in this case arose on December 21, 2001, when Mr. Cain confronted the officers. The period of limitations for his claims of false arrest and false imprisonment and assault and battery is two years from that date or December 21, 2003. MCLA 600.5805(2). His complaint was filed on September 29, 2004, more than nine months too late.

Congress did not enact a statute of limitations for actions brought under 42 U.S.C. § 1983. Therefore, federal courts must apply the state statute of limitations most analogous to the asserted claim. Leithauser v City of Madison Heights, 577 F. Supp 994 (1984). In this case, the state statute most analogous to plaintiff's claims of false arrest and false imprisonment and assault and battery is MCLA 600.5805(2), which provides for a two year limitation period. Thus, those counts are time barred.

It should be noted that plaintiff claims those tort violations in addition to his claim for deprivation of his civil rights. He is making separate and distinct claims. His claims of deprivation of civil rights may be a claim for injury to his person within the meaning of Michigan's three-year statute of limitations. His tort claims, however, are not within that statute and must be rejected. There is, or should be, a distinction between a claim based on alleged tortious conduct and a claim based on deprivation of civil rights. Obviously plaintiff agrees with the distinction because he filed a six-count Complaint.

## RELIEF

**WHEREFORE**, Defendants, Michael Russell, Aubrey Sergeant and the City of Detroit, a municipal corporation, respectfully request that Count I (False Arrest and False Imprisonment) and Count II (Assault and Battery) of plaintiffs' Complaint be dismissed with prejudice and costs and attorney fees to defendants, so wrongfully sustained.

Respectfully submitted,

*/s/ Marion R. Jenkins*

**MARION R. JENKINS** (P26257)
Assistant Corporation Counsel
Attorney for Defendants
660 Woodward Avenue, Suite 1650
Detroit, Michigan 48226
(313) 237-3032

Dated:   November 29, 2004

**ORIGINAL**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ROGER CAIN and JAQUELINE THOMAS

    Plaintiffs,

v.

MICHAEL RUSSELL, AUBREY SERGENT, and CITY OF DETROIT,

    Defendants.

U.S.D.C. Case No. 04 CV 74376
U.S.D.C. HON: ANNA DIGGS TAYLOR
MAG. JUDGE: R. STEVEN WHALEN

---

AMOS E. WILLIAMS (P39118)
Attorney for Plaintiffs
615 Griswold, #1115
Detroit, MI 48226
(313) 963-5222

THOMAS W. STEPHENS (P39503)
Co-Counsel for Plaintiff
4595 Hereford St.
Detroit, MI 48224
(313) 885-8857

MARION R. JENKINS (P26257)
Assistant Corporation Counsel
Attorney for Defendants
1650 First National Building
Detroit, MI 48226
(313) 237-3032

FILED '04 DEC -1 P4 22

---

### NOTICE OF HEARING

PLEASE TAKE NOTICE, that the within Motion for Summary Judgment will be brought on for hearing before U.S. District Court Judge JUDGE ANNA DIGGS TAYLOR in her courtroom 1035 T. Levin U.S. Courthouse, Detroit, Michigan 48226, at a date and time to be determined by the court.

                                              */s/ Marion R. Jenkins*
                                              Marion R. Jenkins (P26257)
                                              Assistant Corporation Counsel
                                              CITY OF DETROIT LAW DEPARTMENT
                                              1650 First National Building
DATED: November 19, 2004                Detroit, MI 48226
                                              (313) 237-3032

K:\DOCS\LITJENKMR\A37000\mot\R_J4395.WPD